**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAMON CHAPMAN JR., | ) | CASE NO. 4:21-CV-01295-JG |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES GWIN |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN LASHANN EPPINGER, | ) | CARMEN E. HENDERSON |
| | ) | |
| Defendant, | ) | **REPORT & RECOMMENDATION** |
| | ) | |

## I.     Introduction

Petitioner, Damon Chapman, Jr., seeks a writ of habeas corpus under 28 U.S.C. § 2254. Chapman is an Ohio prisoner who is currently serving an aggregate 33-year to life prison term for aggravated murder, murder, felonious assault, discharge of a firearm and having weapons while under disability. Chapman asserts one ground for relief. (ECF No. 5). Respondent Charmaine Bracy[1] filed a return of writ on January 4, 2022. (ECF No. 10). Chapman filed a traverse on August 31, 2022. (ECF No. 15).

This matter was referred to me under Local Rule 72.2 to prepare a report and recommendation on Chapman's petition and other case-dispositive motions. Because Chapman's sole ground for relief is procedurally defaulted, I recommend that the Court dismiss his petition in its entirety and not grant him a certificate of appealability.

---

[1] Charmaine Bracy is currently the warden at Trumbull Correctional Institution.

II.     **Relevant Factual Background**[2]

    A.     **Statement of Facts**

      "The Court of Appeals, Eighth Appellate District, Cuyahoga County, Ohio, summarized the evidence submitted at trial and the facts underlying petitioner's convictions, as follows:[]

    [*P2] Elante Johnson was stalked and murdered in front of a gas station. Video surveillance captured the entire encounter. Marquez Williams drove his mother's Chevy Impala and parked at one of the pumps but on the wrong side of the pump to fill the car with fuel. Williams and another occupant remained in the car. Earlier, when passing through the surveillance camera's field of view, the car had multiple passengers. Chapman stood near a large white truck parked in the station's parking lot. Chapman put his ungloved hands on the hood of the white truck while staring into the gas station. Chapman was later identified by those prints.

    [*P3] Another person, who was never identified, took a position across the street from the gas station. The victim exited the gas station and walked to the street. Chapman then signaled that person to attack, and the assailant jogged toward the victim. As the victim was approached, the shooter pulled a firearm and began shooting the victim, who attempted to flee. The shooter chased the victim behind the gas station where the victim collapsed and attempted to crawl to safety. The shooter approached and fired two more times at the victim.

    [*P4] During this time, Chapman was on his phone and approached the shooter. Both walked away from the scene and waited for Williams to pick them up farther down the street. The conspirators fled just as police arrived.

    [*P5] The fingerprint examiner explained that she reviewed five latent prints and the process by which that review was undertaken. All five prints, four fingers and the palm in this case, were independently run through a computer program that identified approximately 20 rough matches for each individual print. Upon the return of those matches, the examiner reviewed each of the 20 matches against the latent print to determine whether any of those suspects could be identified through the latent print. In this case, the examiner matched Chapman's known prints from the computer search to the latent ones collected at the crime scene.

---

[2] The Statement of Facts & Procedural History are set forth in Respondent's Return of Writ, ECF No. 10 at 1-8. Petitioner adopted this recitation in his Traverse. (ECF No. 15 at 1-2). Accordingly, the Court adopts the Statement of Facts & Procedural History as they are set forth in Respondent's Return of Writ.

Following that match, the examiner fingerprinted Chapman after his arrest and matched the newly created print card against the computer-generated prints and the latent prints collected from the murder scene. Chapman was again identified through the comparative review.

*State v. Chapman,* No. 107375, 2019 Ohio App. LEXIS 1555, at *1-3 (Ohio Ct. App. Apr. 18, 2019). (Exhibit 18, Opinion, paras. 2-5).

## B.    Procedural History

### [1. Indictment and Conviction]

On July 5, 2017, the Cuyahoga County grand jury charged Chapman with aggravated murder in violation of Ohio Rev. Code § 2903.01(A) (count 1), murder in violation of Ohio Rev. Code § 2903.02(B) (count 2), felonious assault in violation of Ohio Rev. Code § 2903.11(A)(2) (count 3), felonious assault in violation of Ohio Rev. Code § 2903.11(A)(1) (count 4), discharge of a firearm in violation of Ohio Rev. Code § 2923.162(A)(3) (count 5), and having weapons while under disability in violation of Ohio Rev. Code § 2923.31(A)(2) (count 6). Counts one through five contained firearm specifications and counts one through four contained criminal gang activity specifications'. (Exhibit 1, Indictment, Case No. CR-17-618543-A). Chapman pleaded not guilty to all charges. (Exhibit 2, Arraignment). Before trial, the parties agreed to the dismissal of the criminal gang activity specifications. (Vol. I, Tr. 33).

The State moved for an order allowing the fingerprint examiner to take Chapman's fingerprints (Exhibit 3, Motion), which the court granted (Exhibit 4, Entry). Chapman moved for funds to retain his own fingerprint expert (Exhibit 5, Motion), which the court granted (Exhibit 6, Entry).

At Chapman's request, the court severed Chapman's trial from that of his co-defendant Marquez Williams. (Exhibit 7, Entry). Waiving trial by jury on the having weapons under disability charge, Chapman elected to have that charge tried to the bench. (Exhibit 8, Waiver).

Once trial started, Chapman moved to exclude the testimony of the fingerprint examiner, Shelby Vernick,[ ] based on an insufficiently detailed report in violation of Ohio R. Crim P. 16(K). (Exhibit 9, Motion in Limine). The court denied the motion and allowed the expert to testify. (Exhibit 10, Entry). Chapman also unsuccessfully moved for a judgment of acquittal. (Exhibits 10, 11, Entries).

A jury found Chapman guilty of all charges and firearms specifications, and the court found him guilty of having weapons under disability. (Exhibit 12, Entry of Conviction).

On May 29, 2018, the court sentenced Chapman to an aggregate prison

term of 33 years to life. Merging the murder conviction and two felonious assault convictions with the aggravated murder conviction, the court sentenced Chapman to 25 years to life in prison for aggravated murder, plus 3 years for the firearm specifications; 8 years for discharge of a firearm plus 3 years for the firearm specification; and 24 months for having weapons under a disability. The discharge of a firearm sentence was to run concurrently with the aggravated murder sentence, with all other sentences, including the firearm specifications, to run consecutively (Exhibit 13, Sentencing Entry, Case No. CR-17- 618543-A). The court issued an amended sentencing entry to include findings on the necessity for imposing consecutive sentences. (Exhibit 14, Amended Sentencing Entry).

## [2. ] Direct Appeal

On June 26, 2018, with the assistance of counsel, Chapman appealed to the Eighth District Court of Appeals (Exhibit 15, Notice of Appeal), raising the following assignments of error:

1. The trial court erred in allowing the state's witness to testify as an expert and erred in allowing her to testify in violation of Crim.R. 16(k) violating appellant's due process rights and right to a fair trial.

2. The trial court erred by denying appellant's motion for acquittal pursuant to Crim. R. 29 when the State failed to submit sufficient evidence of appellant's identification denying the appellant of due process.

3. Appellant's convictions are against the manifest weight of the evidence.

4. The trial court erred in violation of the double jeopardy clause of the United States Constitution and Section 10, Article I, of the Ohio Constitution when it failed to merge the firearm specifications as they were committed with the same animus.

5. Appellant was denied due process and a fair trial when the detective improperly testified regarding the veracity and quality of another witness's testimony.

6. The appellant was denied due process with the admission of inadmissible hearsay statements in violation of the Sixth Amendment's confrontation clause.

(Exhibit 16, Appellant's Brief). The State submitted a responsive brief. (Exhibit 17, Appellee's Brief). On April 18, 2019, the Court of Appeals affirmed the judgment of the trial court. *Chapman,* 2019 Ohio App. LEXIS 1555. (Exhibit 18, Opinion).

4

Chapman did not appeal to the Ohio Supreme Court at this time.

### [3. ] Application for Reopening Appeal

On July 16, 2019, Chapman, through counsel, filed an application for the reopening of his appeal pursuant to Ohio App. R. 26(B) based on the alleged ineffective assistance of appellate counsel. (Exhibit 19, Application). He claimed that appellate counsel had provided ineffective assistance for failing to raise the following claims:

1. Appellant was denied his Sixth Amendment right to the effective assistance of counsel where trial counsel failed to make a Motion in Limine to Dismiss and/or Preclude Mention of the Criminal Gang Specification.

2. The Appellant was denied his Sixth Amendment right to counsel as his counsel was ineffective for failing to request a mistrial after the jury became aware of inadmissible and unduly prejudicial information during the voir dire process.

3. Appellant was denied his Sixth Amendment right to the effective assistance of counsel where Trial Counsel failed to object to the introduction and publication of the editorialized and compiled video evidence.

*Id.* The State opposed the application. (Exhibit 20, Opposition),  and on January 22, 2020, the Ohio Court of Appeals denied the application for reopening.  *State v. Chapman,* No. 107375, 2020 Ohio App. LEXIS 154 (Ohio Ct. App. Jan. 22, 2020. (Exhibit 21, Opinion).

### [4. ] Ohio Supreme Court Appeal

On March 9, 2020, Chapman, through counsel, appealed the decisions of the Ohio Court of Appeals affirming his convictions and denying his application for reopening to the Ohio Supreme Court. (Exhibit 22, Notice of Appeal). He asserted the following proposition of law in support of jurisdiction:

I. When an expert witness is permitted to testify in violation of Crim. R. 16(K) a criminal defendant's Sixth Amendment right to cross examine witnesses is violated, as is their due process rights and their rights to a fair trial.

(Exhibit 23, Jurisdictional Memorandum). On July 7, 2020, the Supreme Court of Ohio declined jurisdiction. *State v. Chapman,* 148 N.E. 3d 595 (Table) (Ohio July

7, 2020). (Exhibit 24, Decision).

### [5. ]  Petition for Post-Conviction Relief

On August 6, 2019, while his application for reopening was pending, Chapman, through counsel, filed a petition to vacate or set aside his judgment of conviction or sentence. (Exhibit 25, Petition).  He argued that he was denied the effective assistance of counsel because his trial counsel failed to present video evidence and failed to preserve the record by proffering the contents of the state's expert report or presenting a rebuttal expert witness. *Id.* The State moved to dismiss the petition. (Exhibit 27, Motion to Dismiss; Exhibit 28, Proposed Findings of Fact).  On June 15, 2020, the trial court denied the petition to vacate, finding that Chapman's claims were barred by the doctrine of *res judicata,* and alternatively, that counsel's actions were neither deficient nor prejudicial under *Strickland*.  (Exhibit 30, Entry; Exhibit 31, Findings of Fact). Although initially Chapman appealed, he subsequently moved to voluntarily dismissed [sic] his appeal and the Ohio Court of Appeals granted his motion. (Exhibit 32, Notice of Appeal; Exhibit 33, Voluntary Dismissal; Exhibit 34, Entry, Case No. CA-20-109820).

### [6. ]  Federal Habeas Corpus

[Chapman, originally filed a federal petition for a writ of habeas corpus on July 6, 2021, which failed to contain any grounds for relief. (Petition, ECF No. 1, Page ID#: 15).] On July 13, 2021, with the assistance of counsel, Chapman filed an amended[ ] petition  for a writ of habeas corpus under 28 U.S.C. § 2254, raising the following ground for relief and supporting facts:

| | |
|---|---|
| **GROUND 1:** | The Petitioner's Sixth Amendment right to confront witnesses, as well as his due process rights and his right to a fair trial were violated when an expert witness was wrongfully permitted to testify. |
| **Supporting Facts:** | The Trial Court permitted the State of Ohio to permit testimony of a finger-print expert, despite her never having tendered an appropriate report through the discovery process, nor being adequately tendered as an expert. This hindered the Petitioner's ability to prepare a defense and adequately cross examine the witness. |

(Amended Petition, ECF No. 5, Page ID 30)."

(ECF No. 10 at 4-8) (footnotes omitted).

### III.  Legal Standards

#### A.  Timeliness of Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year period of limitations for state prisoners to file their federal habeas corpus petitions. *Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)); *Sexton v. Wainwright*, 968 F.3d 607, 609-10 (6th Cir. 2020), *cert. denied*, 141 S. Ct. 1064 (2021). There is no dispute that Chapman timely filed his federal habeas corpus petition within the 28 U.S.C. §2244(d) 1-year statute of limitations.

#### B.  Jurisdiction

Title 28 U.S.C. § 2254(a) authorizes district courts to entertain an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Court of Common Pleas of Cuyahoga County sentenced Chapman, and Cuyahoga County is within this court's geographic jurisdiction. Accordingly, this Court has jurisdiction over Chapman's § 2254 petition.

#### C.  Cognizable Federal Claim

Under 28 U.S.C. § 2254(a), a state prisoner may challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner's claim is not cognizable on habeas review if it "presents no federal issue at all." *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991). Thus, "errors in application of state law … are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to

reexamine state court determinations on state law questions."). A federal habeas court does not function as an additional state appellate court; it does not review state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)). Instead, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)).

### D. Exhaustion

"A federal habeas corpus court should not grant a habeas corpus application by a state prisoner unless he has exhausted all of his available state court remedies on his grounds for relief. 28 U.S.C. § 2254(b) and (c)." *Gordon v. Bradshaw*, No. 104 CV 2299, 2007 WL 496367, at *12 (N.D. Ohio Feb. 12, 2007). "A petitioner satisfies the exhaustion requirement once the state supreme court provides him with an opportunity to review his claims on the merits and the state supreme court has had a full and fair opportunity to rule on the claims." *Id.* (citing *Dickerson v. Mitchell*, 336 F.Supp.2d 770, 786 (N.D. Ohio 2004) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990))). "If a remedy remains under state law that a federal habeas corpus petitioner has not yet pursued, exhaustion has not occurred and the federal habeas court cannot review the merits of the claim." *Id.* (citing *Rust*, 17 F.3d at 160). "When a petitioner has failed to exhaust his state remedies, and when he can no longer do so under state law, his habeas claim is procedurally defaulted." *Adams v. Burton*, No. 16-1476, 2016 WL 6610219, at *2 (6th Cir. Nov. 8, 2016) (citing *O'Sullivan*, 526 U.S. at 848).

### E.  Procedural Default

Procedural default occurs when a habeas petitioner fails to obtain consideration of a federal constitutional claim by state courts because he failed to: (1) comply with a state procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly raise that claim before the state courts while state remedies were still available. *See generally Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977); *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). In determining whether there has been a procedural default, the federal court again looks to the last explained state-court judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991); *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000). When a state court declines to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement, federal habeas review is barred as long as the state judgment rested on "independent and adequate" state procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). To be independent, a state procedural rule and the state courts' application of it must not rely in any part on federal law. *Id*. at 732-33. To be adequate, a state procedural rule must be "'firmly established' and 'regularly followed'" by the state courts at the time it was applied. *Beard v. Kindler*, 558 U.S. 53, 60-61 (2009).

A petitioner procedurally defaults a claim by failing to "fairly present" the claim in state court when he does not pursue that claim through the state's "'ordinary appellate review procedures,'" and, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim. *Williams*, 460 F.3d at 806 (quoting *O'Sullivan*, 526 U.S. at 848); *see also Baston v. Bagley*, 282 F. Supp. 2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."). Under these circumstances, while the exhaustion requirement is technically

satisfied because there are no longer any state-court remedies available to the petitioner, the petitioner's failure to have the federal claims fully considered in the state courts constitutes a procedural default of those claims, barring federal habeas review. *Williams*, 460 F.3d at 806 ("Where state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period, procedural default and not exhaustion bars federal court review."); *see also Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) ("Because the exhaustion requirement 'refers only to remedies still available at the time of the federal petition,' . . ., it is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law' . . . ." (internal citations omitted)).

Furthermore, to "fairly present" a claim to a state court, a petitioner must assert both its legal and factual basis. *Williams*, 460 F.3d at 806 (citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). Most importantly, a "'petitioner must present his claim to the state courts as a federal constitutional issue – not merely as an issue arising under state law.'" *Id.* (quoting *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)). A petitioner can overcome a procedural default by demonstrating cause for the default and actual prejudice that resulted from the alleged violation of federal law, or that there will be a "fundamental miscarriage of justice" if the claim is not considered. *Coleman*, 501 U.S. at 750. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot be fairly attributed to him." *Id.* "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)); *Williams v. Bagley*, 380 F.3d

932, 973 (6th Cir. 2004) ("The 'fundamental miscarriage of justice' gateway is open to a petitioner who submits new evidence showing that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.' " (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995))).

## IV.  Discussion

In Chapman's sole ground for relief, he asserts that "[t]he Petitioner's Sixth Amendment right to confront witnesses, as well as his due process rights and his right to a fair trial were violated when an expert witness was wrongfully permitted to testify." (ECF No. 5 at 5). He argues that the violation occurred when the trial court "permitted the State of Ohio to permit testimony of a finger-print expert, despite her never having tendered an appropriate report through the discovery process, nor being adequately tendered as an expert. This hindered the Petitioner's ability to prepare a defense and adequately cross-examine the witness." (*Id.*). Respondent argues that this ground is procedurally defaulted because Chapman failed to raise it in the State courts.[3] Chapman argues that 1) although he did not specifically designate that he raised a federal constitutional issue, it was clear that a federal claim had been raised in his direct appeal; and 2) any failure to raise the constitutional issue was caused by ineffective assistance of appellate counsel. Chapman's Fifth Amendment and Sixth Amendment claims raised in his first ground for relief are procedurally defaulted.

Before seeking federal habeas relief, state prisoners must first exhaust their available state court remedies by fairly presenting all their claims to the state courts. *Whiting v. Burt*, 395

---

[3] Respondent also argues that to the extent Chapman raises a state law evidentiary ground, it is not cognizable. Chapman confirms that Ground One only raises a constitution question as to whether the admission of the expert testimony is a violation of the Sixth Amendment confrontation rights as well as the Fifth Amendment right to a fair trial. Because this Court finds that Chapman has procedurally defaulted on Ground One, it does not analyze whether it is cognizable.

F.3d 602, 612 (6th Cir. 2005). This can be done by invoking one full round of the state's established procedures. *Id*. In reviewing the state court proceedings to determine whether a petitioner has "fairly presented" a claim to the state courts, this Court considers the petitioner's "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *Id.* at 613. "While a petitioner need not cite 'chapter and verse' of constitutional law, 'general allegations of the denial of rights to a 'fair trial' and 'due process' do not 'fairly present claims' that specific constitutional rights were violated." *Slaughter v. Parker*, 450 F.3d 224, 235–36 (6th Cir. 2006) (quoting *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir.2004) (internal citations omitted as in original)).

Chapman did not "fairly present" his Fifth and Sixth Amendment issues on direct appeal. Although Chapman raised the issue of whether the trial court erred by allowing the fingerprint expert to testify, it was not fairly presented as it was raised merely as a violation of state law rather than a violation of his Constitutional rights. In his direct appeal, Chapman stated as an assignment of error that "the trial court erred in allowing the state's witness to testify as an expert and erred in allowing her to testify in violation of Crim. R. 16(K) violating appellant's due process rights and right to a fair trial." (ECF No. 10-1, PageID #: 139, Ex. 16 at 2). The entirety of Chapman's discussion argued only that the trial court's error violated Ohio Crim. R. 16(K). (*See id.*, PageID #: 140-42, Ex. 16 at 3-5). Chapman's argument failed to cite any federal case law. Although Chapman's issue title and concluding sentence contain the words "due process" and "right to a fair trial", such general allegations do not satisfy the "fair presentation' requirement." *Slaughter*, 450 F.3d at 235–36. Moreover, Chapman failed entirely to mention the

Confrontation Clause, the Sixth Amendment or any deprivation of his right to cross-examination in his brief to the Ohio Court of Appeals. (ECF No. 10-1, PageID #: 140-42, Ex. 16 at 3-5). As discussed above, a petitioner is required to "'present his claim to the state courts as a federal constitutional issue – not merely as an issue arising under state law.'" *Williams*, 460 F.3d at 806 (quoting *Koontz*, 731 F.2d at 368).[4]

Accordingly, Chapman did not "fairly present" his Fifth and Sixth Amendment claims to the state courts. Chapman may not return to state court to exhaust his remedies for this claim. *See* Ohio App. R. 4(A)(1); Ohio App. R. 14(A). "When a petitioner has failed to present the grounds of his claim to the state courts and has exhausted his grounds because no state remedy remains available, his grounds are procedurally defaulted." *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999)). Accordingly, Chapman's sole ground for relief is procedurally defaulted.

Chapman "will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims and actual prejudice to his defense at trial or on appeal." *Id.* (citing *Coleman,* 501 U.S. at 750). Here, Chapman argues as cause for his procedural default that his appellate counsel was ineffective for failing to properly raise the claims on direct appeal. (ECF No. 15 at 3). "[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court" may establish cause. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (citing *Murray*, 477 U.S. at 488–89).

---

[4] Chapman argues that he raised the Sixth Amendment issue in a Motion in Limine and that "his counsel argued the issue of the deficient expert report and expert testimony" in his direct appeal. (ECF No. 15 at 3). However, the motion in limine argued only against the introduction of the expert testimony pursuant to Ohio R. Crim. P. 16(K). (ECF No. 10-1, Ex. 9). Moreover, Chapman provides no support for an argument that asserting an issue in a motion in limine equates to preserving the issue by raising it on direct appeal.

However, "an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted[.]" *Id*. at 453.

To preserve an ineffective assistance of appellate counsel claim, Chapman was required to raise the issue in a petition to reopen his appeal pursuant to Ohio App. R. 26(B). *Shank v. Marquis*, No. 21-3372, 2022 WL 2163789, at *4 (6th Cir. June 15, 2022) ("In Ohio, prisoners [ ] must press their ineffective-assistance-of-appellate-counsel claims in an application filed under Ohio Appellate Rule 26(B)") (citing *Carter v. Mitchell*, 693 F.3d 555, 564 (6th Cir. 2012) (explaining that an ineffective-assistance-of-appellate-counsel claim "must be raised through an application to reopen the direct appeal" under Rule 26(B)); *see also Williams v. Lazaroff*, 648 F. App'x 548, 553 (6th Cir. 2016)). Although Chapman asserted several claims of ineffective assistance of appellate counsel in his petition to reopen his appeal, failure of his appellate counsel to assert a claim regarding his Fifth and Sixth Amendment rights in connection with the expert's finger-print testimony was not among those claims (ECF No. 10-1, Ex. 19), and the time to assert such a claim has passed (*see* Ohio App. R. 26(B) (1)(an application under this rule must be filed within ninety days of "the journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.")). Accordingly, Chapman has procedurally defaulted on the ineffective assistance of appellate counsel claim serving as cause for his procedural default.

"A procedurally defaulted ineffective-assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective assistance claim itself." *Wogensstahl v. Mitchell*, 668 F.3d 307, 321 (6th Cir. 2012) (cleaned up) (quoting *Edwards*, 529 U.S. at 450-51). But Chapman does not argue any cause to excuse this procedural default. (ECF

No. 15). As a result, the alleged ineffectiveness of his appellate counsel is not sufficient to overcome the procedural default of his underlying claim.[5]

Accordingly, Chapman's sole ground for relief should be dismissed as procedurally defaulted. *See Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (petitioner could not rely on procedurally defaulted ineffective assistance of appellate counsel claim to establish cause to excuse procedural default of separate constitutional claim).

## V.  Certificate of Appealability

### A.  Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c) ("A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right."). The "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

### B.  Analysis

Chapman's sole ground for relief is procedurally defaulted. If the Court accepts the foregoing recommendation, then Chapman has not made a substantial showing of a denial of a

---

[5] Absent cause and prejudice, a procedurally defaulted claim may be excused where failing to do so would be a fundamental miscarriage of justice. Chapman also cannot overcome the procedural default on his claims on the basis of a fundamental miscarriage of justice because he has not claimed, nor presented any evidence, that he was "actually innocent." *Smith*, 463 F.3d at 436; (ECF No. 15).

constitutional right. He would then not be entitled to a certificate of appealability. Thus, I recommend that the Court not issue a certificate of appealability.

## VI.    Recommendation

Chapman's sole ground for relief is procedurally defaulted.  Thus, I recommend that the Court dismiss his petition in its entirety and not grant him a certificate of appealability.

DATED: February 8, 2024

*s/Carmen E. Henderson*
Carmen E. Henderson
United States Magistrate Judge

---

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).