UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

|  |  |  |
|---|---|---|
| DAMON CHAPMAN, JR., | : | CASE NO. 4:21-cv-01295 |
|  | : |  |
| Plaintiff, | : | ORDER |
|  | : | [Resolving Doc. 1, 16] |
| v. | : |  |
|  | : |  |
| WARDEN LASHANN EPPINGER, | : |  |
|  | : |  |
| Defendant. | : |  |

---

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Petitioner Damon Chapman, Jr. currently serves an aggregate prison term of thirty-three years to life for state aggravated murder, murder, felonious assault, discharge of a firearm, and having weapons while under disability convictions.  He brings this habeas corpus action under 28 U.S.C. § 2254.  With his petition, Chapman raises one ground for relief: that the state trial court violated Chapman's Sixth Amendment, due process, and fair trial rights by allowing an expert witness to testify without submitting the appropriate report under Ohio Rule of Criminal Procedure 16(K).[1]

The Court referred Chapman's petition to a Magistrate Judge.  In a report and Recommendation (R&R), the Magistrate Judge recommended denying the petition because Chapman had procedurally defaulted his sole ground for relief.[2]  Chapman objected to the R&R.[3]  Respondent did not reply.

---

[1] Doc. 15, PageID #: 1669.
[2] Doc. 16.
[3] Doc. 18.

Case No. 4:21-cv-01295
GWIN, J.

The Court reviews the R&R's objected-to portions de novo.[4] The Court agrees with the Magistrate Judge's conclusion that Chapman procedurally defaulted his constitutional claim related to the fingerprint expert testifying beyond the report, and has not shown cause to excuse the procedural default. Additionally, Chapman's sole ground for relief is not cognizable as a federal habeas claim.

Therefore, for the following reasons, the Court **OVERRULES** Chapman's objections, **ADOPTS** the R&R, **DENIES** Petitioner Chapman's habeas petition in its entirety, and **DENIES** any associated certificate of appealability.

## I.    BACKGROUND

Because the R&R contains a detailed account of the factual and procedural background in this case,[5] the Court recounts only the background relevant to Chapman's objections.

### A.  Factual Background

Chapman's convictions stem from his conduct as a coordinator of a targeted murder. Chapman stood near a truck in a gas station parking lot.[6]  Chapman put his ungloved hands on the truck's hood while looking at the gas station.  Chapman was later identified by these prints.[7]

As the victim exited the gas station, Chapman signaled to a still-unknown individual to shoot the victim.  The victim attempted to flee, but the shooter chased him and fired twice more.[8]

---

[4] 28 U.S.C. § 636(b)(1).
[5] *See* Doc. 16, PageID #: 1675-79.
[6] *See State v. Chapman*, No. 107375, 2019-Ohio-1452, 2019 WL 1760184, at *1 (Ohio Ct. App. Apr. 18, 2019).
[7] *Id.*
[8] *Id.*

Case No. 4:21-cv-01295
GWIN, J.

Chapman was charged with aggravated murder in violation of R.C. § 2903.01(A) (count 1); murder in violation of R.C. § 2903.02(B) (count 2); felonious assault in violation of R.C. § 2903.11(A)(2) (count 3); felonious assault in violation of R.C. § 2923.162(A)(3) (count 5); and having weapons while under disability in violation of R.C. § 2923.31(A)(2) (count 6).

Before Chapman's trial, the state moved for, and was granted, an order allowing the state fingerprint examiner to take Chapman's exemplar fingerprints.[9]  Chapman then moved for funds to retain his own fingerprint expert, which the state trial court also granted.[10]

The state examiner confirmed Chapman's identity twice.  First, the lifted prints from the truck were entered into an Automated Fingerprint Identification System (AFIS), which provided possible candidates that the examiner used to identified Chapman.[11]  Second, the state examiner used the fingerprints taken from Chapman in custody and compared them to the AFIS fingerprints.[12]  This also resulted in a match.  The state examiner prepared a separate report for each identification.

At trial, Chapman moved to exclude the state's fingerprint examiner's expert testimony.[13]  Chapman argued that the state examiner had submitted insufficiently detailed reports in violation of Ohio Rule of Criminal Procedure 16(K).[14]  The trial court denied the motion and allowed the state examiner to testify.[15]

---

[9] *See* Doc. 10-1, PageID #: 90; 96.
[10] *Id.* at PageID #: 98, 102.
[11] *Id.* at PageID #: 143.
[12] *Id.*
[13] *Id.* at PageID #: 108-113.
[14] *Id.* at PageID #: 111-12.
[15] *Id.* at PageID #: 115; Doc. 10-5, PageID #: 1099.

Case No. 4:21-cv-01295
GWIN, J.

A jury found Chapman guilty on all counts. The state trial court sentenced Chapman to a term of thirty-three years to life.

### B. Procedural History

On direct appeal, Chapman raised six grounds of error. These included:

"1. The trial court erred in allowing the state's witness to testify as an expert and erred in allowing her to testify in violation of Crim.R. 16(k) violating appellant's due process rights and right to a fair trial."[16]

The Ohio Court of Appeals affirmed the trial court's judgment.[17] The appellate court noted that because the state examiner's reports were not part of the appellate record, it could not review whether the trial court erred by allowing the expert's testimony.[18] The appellate court further reasoned that even if the reports were deficient under [Ohio Rule of Criminal Procedure] Rule 16(k), defense counsels' performance at trial indicated a preparedness for the state examiner's testimony and analysis.[19]

Chapman then applied to reopen his appeal under Ohio Appellate Rule 26(B).[20] In his application for reopening, Chapman claimed that his trial counsel was ineffective on three separate grounds.[21] However, none of these grounds involved the state examiner's testimony or the deficiency of her reports.

The Ohio Court of Appeals denied Chapman's application to reopen his appeal.[22]

---

[16] Doc. 10-1, PageID #: 134.
[17] *Chapman*, 2019 WL 1760184, at *2.
[18] *Id.*
[19] Ohio Rule of Criminal Procedure 16(K) requires that expert witnesses "prepare a written report summarizing the expert witness's testimony, findings, analysis, conclusions, or opinion, and shall include a summary of the expert's qualifications." Such reports must be disclosed to opposing parties at least twenty-one days before trial.
[20] Ohio App. R. 26(B).
[21] Doc. 10-1, PageID #: 207, 21-17.
[22] *Id.* at PageID #: 236.

Case No. 4:21-cv-01295
GWIN, J.

Chapman then appealed both Ohio Court of Appeal's denials to the Ohio Supreme Court.[23]  In support of the Ohio Supreme Court's jurisdiction, Chapman asserted that "[w]hen a witness is permitted to testify in violation of Crim. R. 16(K) a criminal defendant's Sixth Amendment right to cross examine witnesses is violated as are their due process rights and their right to a fair trial."[24]

The Ohio Supreme Court declined to accept jurisdiction of Chapman's appeal.[25]

On July 13, 2021, Chapman filed this amended petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He raises the following single ground for relief:

Ground 1:    The Petitioner's Sixth Amendment Right to confront witnesses, as well as his due process rights and his right to a fair trial were violated when an expert witness was wrongfully permitted to testify.

Supporting Facts:    The trial Court permitted the State of Ohio to permit testimony of a finger-print expert, despite her never having tendered an appropriate report through the discovery process, nor being adequately tendered as an expert.  This hindered the Petitioner's ability to prepare a defense and adequately cross examine the witness.[26]

In its return of writ, Respondent argued that Chapman had procedurally defaulted this claim by failing to fairly present it to the state courts, and that Chapman's sole ground for relief was otherwise not cognizable on habeas review.[27]

The Court referred the matter to a Magistrate Judge.  In her R&R, the Magistrate Judge recommended that the Court deny Chapman's petition, as his sole claim was procedurally defaulted.[28]    The Magistrate Judge reasoned that Chapman had not shown cause and

---

[23] *Id.* at PageID #: 245.
[24] *Id.* at PageID #: 252.
[25] *Id.* at PageID #: 282.
[26] Doc. 5, PageID #: 30.
[27] *See* Doc. 10, PageID #: 68-74.
[28] Doc. 16, PageID #: 1684.

Case No. 4:21-cv-01295
GWIN, J.

prejudice to excuse the procedural default.[29]  The Magistrate Judge also recommended that the Court deny Chapman a certificate of appealability.[30]

Chapman timely objected to the R&R.[31]  Chapman objects to two of the Magistrate Judge's findings: first, that he did not fairly present his constitutional issues on direct appeal; and second, that the alleged ineffectiveness of his appellate counsel does not overcome the procedural default of his underlying claim.[32]

The Court reviews the objected-to R&R portions de novo.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2554, Petitioner Chapman may attack the validity of his state convictions in federal court.  However, relief under § 2254 is highly limited.

And, usually before a federal court can consider a habeas claim's merits, it must first address the threshold question of procedural default.[33]  There are two types of procedural default:

First, a petitioner procedurally defaults a claim when the petitioner has exhausted his state-court remedies, but the state courts declined to reach the merits of the petitioner's claim because the petitioner failed to comply with a state procedural rule.[34]

Second, a claim is procedurally defaulted when a petitioner has failed to exhaust his state-court remedies, and those remedies are no longer available under state procedural rules.[35]

---

[29] *Id.* at PageID #: 1687-88.
[30] *Id.* at PageID #: 1688-89.
[31] Doc. 18.  Respondent did not reply to Chapman's objection.
[32] *Id.* at PageID #: 1694.
[33] *Lovins v. Parker*, 712 F.3d 283, 294 (6th Cir. 2013).
[34] *Id.* at 295 (citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)).
[35] *Id.* (citing *Williams*, 460 F.3d at 806).

Case No. 4:21-cv-01295
GWIN, J.

Federal courts generally may not consider procedurally defaulted claims on the merits. The only exception to this rule is if the petitioner can demonstrate "cause for the default and actual prejudice as a result of the [claimed] violation of federal law," or if the petitioner can demonstrate that enforcing the default would "result in a fundamental miscarriage of justice."[36]

Once a federal court moves past the threshold procedural default question and reaches the merits of a habeas claim, the federal court reviews habeas claims under the Antiterrorism and Effective Death Penalty Act (AEDPA).[37] AEDPA requires federal courts to be highly deferential to states courts' decisions. A federal court may grant habeas relief only when the state court decision either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[38]

Only the first of these two standards is relevant here, because Petitioner Chapman does not argue that the state courts made any factual mistakes.

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."[39]

---

[36] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).
[37] *Carter v. Bogan*, 900 F.3d 754, 767 (6th Cir. 2018).
[38] 28 U.S.C. § 2254(d).
[39] *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

Case No. 4:21-cv-01295
GWIN, J.

A state court's decision is an "unreasonable application" of federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[40]

For a decision to be "unreasonable," it must be more than merely incorrect.[41]  Rather, the decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[42]

Finally, even if a state court's decision is contrary to or an unreasonable application of clearly established federal law, federal courts may not grant habeas relief if the state court's error was harmless.[43]  The petitioner bears the burden of showing harm and must establish "actual prejudice."[44]  This means that the petitioner must show that the state court's mistake "had substantial and injurious effect or influence in determining the jury's verdict."[45]

## III.    DISCUSSION

### A.  Procedural Default

The Magistrate Judge found that Chapman's federal constitutional claim concerning the state fingerprint examiner's testimony was procedurally defaulted, because Chapman did not raise his claim to the state appellate court.[46]  The Court agrees.

Petitioners must fairly present their claims in each appropriate state court for those claims to eventually qualify for federal habeas relief.[47]  "Fair presentation requires that the

---

[40] *Id.*
[41] *Carter,* 900 F.3d at 767–68 (quoting *Renico v. Lett,* 559 U.S. 766, 773 (2010)).
[42] *Harrington v. Richter,* 562 U.S. 86, 103 (2011).
[43] *Davis v. Ayala,* 576 U.S. 257, 267 (2015).
[44] *Id.* (quoting *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993)).
[45] *Brecht,* 507 U.S. at 637 (citation omitted).
[46] Doc. 16, PageID #: 1684.
[47] 28 U.S.C. § 2254(b)(1)(A); *Wagner v. Smith,* 581 F.3d 410, 417 (6th Cir. 2009).

- 8 -

Case No. 4:21-cv-01295
GWIN, J.

state courts be given the opportunity to see both the factual and legal basis for each claim."[48]

To determine when claims have been fairly presented, courts ask whether the petitioner

> "(1) relied upon federal cases employing constitutional analysis; (2) relied upon state cases employing federal constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law."[49]

It is not enough to present the claim to a state trial court.  Rather, the petitioner must raise the claim in state court and pursue it through the state's appellate review procedures.[50]

Chapman objects to the Magistrate Judge's conclusion that he did not fairly present his Sixth and Fifth Amendment claim to the state appellate court.[51]  He says that the federal constitutional language used in his appellate assignment of error, considered with his pretrial motion in limine referencing the Sixth Amendment, satisfies fair presentation.[52]

However, neither his appellate assignment of error nor his motion in limine satisfy Chapman's obligation to fairly present his claims in state court.

Chapman's assignment of error and related appellate brief language did not characterize the fingerprint expert's testimony in constitutional law terms.  True, Chapman did his brief that the expert's testimony violated his "due process rights" and "right to a fair trial."[53]  However, "[n]aked assertions" and "general allegations of the denial" of broad fair trial or due process rights are insufficient for fair presentment.[54]

---

[48] *Nian v. Warden*, 994 F.3d 746, 751 (6th Cir. 2021) (quoting *Wagner*, 581 F.3d at 414-15).
[49] *Id.* (quoting *Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017) (internal quotation marks omitted)).
[50] *Id.* at 751-52 (quotation omitted).
[51] Doc. 18, PageID #: 1694.
[52] *Id.* at PageID #: 1695.
[53] Doc. 10-1, PageID #: 139, 142.
[54] *Blackmon v. Booker*, 394 F.3d 399, 401 (6th Cir. 2004)

Case No. 4:21-cv-01295
GWIN, J.

Rather, Chapman needed to have presented particularized substantive arguments at each state review level.[55] His claim presentment here did not alert the state appellate court to a federal constitutional claim. In fact, his assignment of error does not specify whether he invokes his federal or state due process rights.

Chapman's brief on direct appeal also does not cite to federal authority, nor does it cite state cases that rely on federal authority. Chapman's brief focuses entirely on a Rule 16(K) analysis.[56] And, the authority Chapman did cite does not suggest that a Ohio Criminal Rule 16(K) violation implicates a federal constitutional violation.[57] So, Chapman's claim was not fairly presented upon direct appeal.

Chapman's motion in limine also does not fairly present his ground for relief to the state courts.

A claim is not fairly presented if the state appellate court "must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim."[58] Chapman cannot expect the state appellate court to delve into the trial record in search of potential federal constitutional claims.

Even if the state appellate court did look at Chapman's motion in limine brief, it suffers from the same fair presentation deficiency as his direct appeal first assignment of error: the motion in limine makes only passing reference to the Sixth Amendment, and otherwise cites no authority and makes no argument in support of a federal constitutional claim.[59]

---

[55] *Id.*
[56] Doc. 10-1, PageID #: 139-42.
[57] *See State v. Hartman*, 754 N.E.2d 1150, 1179 (Ohio 2001); *State v. Walls*, 104 N.E.3d 280, 286-93 (Ohio Ct. App. 2018); *State v. McGhee*, No. 2014-T-0106, 2017-Ohio-5773, 2017 WL 2951775 (Ohio Ct. App. July 17, 2017); *State v. Rich*, No. CA2012-03-044, 2013-Ohio-857, 2013 WL 939539 (Ohio Ct. App. Mar. 11, 2013).
[58] *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).
[59] *See* Doc. 10-1, PageID #: 108-15.

Case No. 4:21-cv-01295
GWIN, J.

Because Chapman has not fairly presented any federal constitutional claim to the state appellate court, and the time for doing so has passed, Chapman's claim is procedurally defaulted.

### B. Cause and Prejudice

Since Chapman defaulted on his claim, the Court may consider it only if Chapman shows cause and prejudice.[60]  Chapman can do this by proving ineffective assistance of appellate counsel.[61]

For ineffective assistance of counsel to excuse Chapman's default, Chapman's ineffective assistance claim must itself merit habeas relief.[62]  However, Chapman's ineffective assistance claim is not cause to excuse the default of Chapman's Sixth and Fifth Amendment claim if the ineffective assistance claim is itself defaulted.[63]

The Magistrate Judge found that Chapman's ineffective assistance of counsel claim regarding the fingerprint expert's testimony was defaulted, because Chapman did not raise the ineffective assistance of appellate counsel claim in a petition to reopen his appeal pursuant to Ohio Appellate Rule 26(B).[64]

Although Chapman did apply to reopen his appeal based on other ineffective assistance of appellate counsel claims, none of these claims were based on counsel's performance regarding the expert's fingerprint testimony.[65]  So, Chapman procedurally

---

[60] *Coleman*, 501 U.S. at 750.
[61] *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Murray v. Carrier*, 477 U.S. 478, 492 (1986)).
[62] *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) ("[I]neffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim.") (emphasis in original).
[63] *Id.* at 452-52.
[64] Doc. 16, PageID #: 1687.
[65] *See* Doc. 10-1, PageID #: 211, 213, 214.

Case No. 4:21-cv-01295
GWIN, J.

defaulted the ineffective assistance of appellate counsel claim that he now relies upon to serve as cause for the procedural default of his Sixth and Fifth Amendment claim.

"A procedurally defaulted ineffective-assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective assistance claim itself."[66]

In his objection to the R&R, Chapman argues that cause exists to excuse the procedural default of the ineffective assistance claim regarding the expert's testimony, because his prior motion in limine fairly presented his constitutional claims. Chapman says that for this reason, it was unnecessary for appellate counsel to address that claim at that time.[67]

This reasoning does not stand. As discussed, Chapman's motion in limine did not fairly present the matter to state court. And he provides no other justification for why his counsel did not preserve this ineffective assistance claim via Rule 26(B).[68]

So, Chapman has not shown cause to excuse his defaulted ineffective assistance of appellate counsel claim, and so in turn, it cannot serve as cause to excuse his defaulted sole ground for relief.

## C. Cognizability

Even if Chapman's federal constitutional claim was not procedurally defaulted, it would still not be cognizable in a federal habeas proceeding.

---

[66] *Wogenstahl v. Mitchell*, 668 F.3d 307, 321 (6th Cir. 2012) (cleaned up) (quotation omitted).
[67] Doc. 18, PageID #:
[68] *State v. Davis*, 894 N.E.2d 1221, 1225 (Ohio 2008) (Rule 26(B) "creates a special procedure for a thorough determination of a defendant's allegations of ineffective assistance of counsel.").

Case No. 4:21-cv-01295
GWIN, J.

Section 2254 permits petitioners to raise only "violation[s] of the Constitution or laws or treaties of the United States."[69]  This means that state-law errors are generally not cognizable in habeas proceedings.[70]

Chapman's sole ground for relief is a quintessential state law question.  Although he attempts to characterize the state trial court's evidentiary ruling as implicating federal constitutional issues, Chapman consistently based his law and argument as an Ohio criminal procedural rule issue.

So, "assuming that the prosecutor did violate Ohio Crim. R. 16, such a claim is not cognizable on habeas, because it is not a constitutional violation."[71]  The United States Supreme Court has held that "there is no general constitutional right to discovery in a criminal case."[72]  "Rather, all the Constitution requires, per the due process clause, is that the defendant not be deprived of a fundamentally fair trial."[73]

Chapman has not shown that the fingerprint expert's testimony resulted in a fundamentally unfair trial.  In overruling this assignment of error, the Ohio Court of Appeals noted that even though it did not have the expert reports in the appellate record, other information from the trial was enough to determine that the trial court did not err in allowing the expert to testify.[74]  Chapman's trial counsel's discussion and cross-examination of the fingerprint expert indicated that counsel was familiar with the expert's methodology, results, and reports.[75]  Chapman also received funds for his own fingerprint expert.[76]

---

[69] 28 U.S.C. § 2254(a).
[70] *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).
[71] *Lorraine v. Coyle*, 291 F.3d 416, 440 (6th Cir. 2002).
[72] *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1998) (quoting *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)).
[73] *Lorraine*, 291 F.3d at 440 (citing *Presser*, 844 F.3d at 1281).
[74] *See Chapman*, 2019 WL 1760184, at *2.
[75] *Id.*
[76] *Id.*

Case No. 4:21-cv-01295
GWIN, J.

As discussed, federal courts owe great deference to state-court factual determinations,[77] including those made on appeal.[78]  State-court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.[79]

Chapman has not met his burden to rebut the state appellate court's findings, nor has he shown that he was deprived of a fundamentally fair trial.  So his claim is not cognizable for federal habeas relief.

## IV.    CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Chapman's objection.  The Court **ADOPTS** the R&R.  As a result, the Court **DENIES** Chapman's habeas petition.

Further, the Court certifies that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.[80]

IT IS SO ORDERED.

Dated: August 5, 2024                              s/    *James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE

---

[77] *Clark v. O'Dea*, 257 F.3d 498, 506 (6th Cir. 2001).
[78] *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012) (citing *Rushen v. Spain*, 464 U.S. 114, 120 (1983); *Sumner v. Mata*, 449 U.S. 539, 546–47 (1981)).
[79] 28 U.S.C. § 2254(e)(1).
[80] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

- 14 -